UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                                      :
CALEB ANDERSON, on behalf of himself    :
and others similarly situated in the proposed :    **ORDER**
FLSA Collective Action,                        :
                                                                      :    22-cv-6915 (BMC)
                                     Plaintiff,  :
                                                              :
                 - against -                      :
                                                              :
MZI CHERRY CORP. and MERWAIS       :
POPAL,                                                :
                                                                :
                                     Defendants.  :
                                                                 :
----------------------------------------------------------- X

**COGAN**, District Judge.

        This Fair Labor Standards Act case is before the Court on plaintiff's motion for a default judgment. Defendants have failed to timely appear, and the Clerk of Court has noted their default under Fed. R. Civ. P. 55(a).

        The complaint and plaintiff's affidavit in support of the motion allege that plaintiff was a prep cook and general worker at defendants' restaurant. The complaint further alleges that the restaurant has employees engaged in commerce with gross annual sales of $500,000 or more. It further alleges that the individual defendant was an owner, officer, agent, or operator of the restaurant, and that he set the wages of employees including plaintiff; established work schedules; maintained employee records; and had authority to hire and fire employees.

        It is hornbook law that on a motion for default judgment, the well-pleaded allegations of the complaint pertaining to liability are accepted as true. See, e.g., Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). In the instant case, the complaint's allegations are sufficient to establish liability.

It is equally well settled that on a motion for a default judgment, the default does not constitute an admission as to the damages claimed in the complaint.  See Finkel v. Romanowicz, 577 F.3d 79, 83 n.6 (2d Cir. 2009).  The burden is on the plaintiff to establish, by a reasonable certainty, an entitlement to the relief requested.  See Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999); Greyhound Exhibitgroup, 973 F.2d at 158.  To determine damages, the Court may conduct an inquest, see Fed. R. Civ. P. 55(b)(2), or it may rely upon the affidavits and other documentary evidence provided by the plaintiff, obviating the need for a hearing on damages, see Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997).  There is no need for an inquest here.  Plaintiff's affidavit constitutes adequate proof of damages.  There is no point in having him appear in court to repeat his hours and terms of employment as set forth in his affidavit.

Plaintiff's affidavit and the allegations in the complaint demonstrate his entitlement to unpaid minimum wages of $2089.71 and liquidated damages in the same amount.  Plaintiff has also requested interest on the minimum wage claim under the New York Labor Law, but I decline to award interest, as the liquidated damages are sufficient to accommodate both the purposes of deterrence and compensation.  See Gunawan v. Sake Sushi Rest., 897 F. Supp. 2d 76, 92 (E.D.N.Y. 2012).

Plaintiff has also requested $11,530.00 in attorneys' fees and $547 in expenses.  The expenses are fine.  The attorneys' fees are based on a rate of $500 per hour for the firm's senior partner and $350 per hour for an eighth-year associate.  Those are at the high end of hourly rates allowed in FLSA cases in this district but considering recent inflationary pressures on the practice of law, they are allowed.  The amount of time put in is 34.1 hours, which is also on the higher end, but not so high as to be unreasonable.

To ensure that this action has been for the primary benefit of plaintiff, any collection on this judgment shall be first applied to amounts due to plaintiff as compensation and liquidated damages and only when that portion of the judgment is fully satisfied shall further recoveries be applied to the attorneys' fees and expenses. When and if the plaintiff's compensation and liquidated damages pursuant to the judgment have been satisfied, plaintiff's counsel shall so advise the Court.

Accordingly, the motion for a default judgment is granted. The Clerk is directed to enter judgment in favor of plaintiff, and against defendants jointly and severally, in the amount of $2089.71 in compensatory damages, $2089.71 in liquidated damages, $11,530.00 in attorneys' fees, and $547.00 in expenses, for a total of $16,256.42.

**SO ORDERED.**

*Brian M. Cogan*
U.S.D.J.

Dated: Brooklyn, New York
October 24, 2023

3